UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 6:20-CR-63-CHB-HAI |
| v. | ) RECOMMENDED DISPOSITION |
| ADAM CHRISTOPHER HILL, | ) |
| Defendant. | ) |

*** *** *** ***

On referral from District Judge Boom (D.E. 6), the Court considers reported violations of supervised release conditions by Defendant Adam Christopher Hill.

Chief Judge Greg Stivers of the Western District of Kentucky entered a judgment against Defendant in July 2020 following a guilty plea to one count of bank fraud. D.E. 1-3. Defendant was sentenced to one day of imprisonment followed by three years of supervised release. *Id*. at 3. Among his conditions of supervision is the following special condition:

> Special Condition #20: Shall participate in the Location Monitoring Program for a period of 6 months utilizing radio frequency (RF) monitoring. The defendant shall be restricted to their residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court. The defendant shall follow all program rules and cost of said program will be paid for by the defendant based on his ability to pay as reflected in his monthly cash flow as it relates to the court approved sliding fee scale.

*Id*. at 6. Defendant's supervision was transferred to this district on October 30, 2020.

On October 30, 2020, the Probation Office submitted a Supervised Release Violation Report ("the Report") that initiated these proceedings. It alleges two Grade C violations. The first violation concerns Special Condition #20, quoted above. According to the Report,

      On October 27, 2020 at 10:27 p.m., this officer called the defendant to verify his compliance with the Location Monitoring Program. The defendant's mother indicated he was not present at the residence.

      On October 28, 2020, a home visit was conducted and this officer spoke to the defendant's mother and brother. Both indicated the defendant left the residence the night of October 26, 2020, without notifying them where he was going or when he would return. At this time the defendant's whereabouts are unknown. Several attempts have been made to locate the defendant, which have been unsuccessful. Also, multiple calls and texts messages have been sent to the defendant without a response.

Violation #2 alleges a violation of the condition that requires Defendant to participate in substance abuse treatment as directed. According to the Report, Defendant failed to attend a treatment appointment on October 28, 2020.

Defendant was arrested on November 4, 2020, and the following day the Probation Office released an Addendum to the Report. The Addendum charges a third Grade C violation. This violation concerns the condition that forbids Defendant from leaving this judicial district without prior permission. According to the Addendum, "On November 3, 2020, the defendant called this officer and indicated he returned home on October 30, 2020, from staying at a hotel in Louisville, Kentucky, which is outside of the Eastern District of Kentucky. The defendant did not obtain permission to travel outside of the Eastern District of Kentucky."

The Court conducted an initial appearance pursuant to Rule 32.1 on November 6, 2020. D.E. 7. Defendant conceded probable cause regarding the alleged violations in the Report and Addendum and waived his right to a preliminary hearing. *Id*. The United States moved for interim detention; Defendant requested release. *Id.* The Court found that Defendant met his burden under Rule 32.1(a)(6) to justify release. *Id.* The Court ordered that Defendant be released on November 9 and go directly into active GPS monitoring. *Id.*

A final hearing was scheduled for November 16, but at that hearing, the parties moved for a three-month continuance. D.E. 10. The government reported that Defendant had been compliant with conditions since his release. The government stated that if Defendant could be monitored and remained compliant for another 90 days, the issues could be resolved without the need for revocation.

On November 20, Judge Boom granted the Probation Office's request for a modification of Defendant's conditions. D.E. 11. The following special condition was added:

> You must participate in a program of mental health treatment at the direction and discretion of the probation officer, until such time as you are released from the program by the probation officer. You must pay for the cost of treatment services to the extent he/she is able as determined by the probation officer.

*Id*.

In early January 2021, the Probation Office informed Chambers that Hill's electronic monitoring was set to expire on January 13. So, the Court conducted a teleconference on January 11. D.E. 13. The Probation Officer reported there had been no issues with Defendant. The government stated it would be fine to allow home detention with an ankle monitor to expire so Defendant would have an additional opportunity to show he can be compliant with his conditions.

The parties assembled for a final hearing on February 22, 2022. The government moved to dismiss all three violations with prejudice. The probation officer explained that, since his release following the initial appearance, Defendant had been compliant with all conditions, had been working, had passed all drug tests, and was participating in substance abuse and mental health treatment. Defendant reported that he is working as a realtor and auctioneer and that he was currently heading up his company's online auctions. Defense counsel reported that

Defendant's treatment providers were recommending that Defendant see a psychiatrist. The probation officer reported that this request could be accommodated under the existing conditions.

Based on the foregoing, the Court **RECOMMENDS** that, upon the government's motion, all three violations be dismissed with prejudice.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As discussed at the final hearing, pursuant to Rule 59(b)(2), any party wishing to object **SHALL** do so by an appropriate filing in the record within **FIVE DAYS** after being served with a copy of this recommended decision. Any party may object to any or all portions of this recommendation for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Boom's docket upon submission. If Defendant chooses to waive allocution, she **SHALL** do so on or before the deadline for filing objections.

This the 22nd day of February, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge